NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOTMAN NAPITUPULU, | No. 07-70768 |
| Petitioner, | Agency No. A078-020-412 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Hotman Napitupulu, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that changed circumstances excused Napitupulu's untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Napitupulu's contention that the BIA's decision concerning changed circumstances was boilerplate is without merit. Accordingly, Napitupulu's asylum claim fails.

Substantial evidence supports the BIA's determination that the one attack and beating Napitupulu suffered in Indonesia did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). In analyzing Napitupulu's withholding of removal claim, the BIA declined to apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Because intervening case law holds the disfavored group analysis applies to withholding of removal claims, *see Wakkary*, 558 F.3d at 1062-65, we remand to the agency for reconsideration whether Napitupulu is entitled to withholding of removal, *see INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam): *see also Tampubolon v. Holder*, 598 F.3d 521, 526-27 (9th Cir. 2010)

("any reasonable factfinder would be compelled to conclude on this record that Christian Indonesians are a disfavored group.").

In his opening brief, Napitupulu does not challenge the BIA's denial of his application for CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Each party shall bear its own costs for this petition for review.

**PETITION GRANTED in part; DENIED in part; REMANDED.**

07-70768